```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROMEO COSCIA                    :
                                :
          v.                    :   CIVIL ACTION NO. 02-3655
                                :
SALVATORE CAPONE                :


                              ORDER

     AND NOW, this      day of          , 2002, IT IS

ORDERED that Defendant Salvatore Capone's Motion to Dismiss is

GRANTED, and the Plaintiff's Amended Complaint is DISMISSED.


                              BY THE COURT:


                              _____
                                                      U.S.D.J.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROMEO COSCIA | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 02-3655 |
| | : | |
| SALVATORE CAPONE | : | |

### ORDER

AND NOW, this      day of           , 2002, Defendant's Alternative Motion for a More Definite Statement is GRANTED, IT IS ORDERED that Plaintiff's Amended Complaint is DISMISSED, and Plaintiff is directed to file a more definite statement within ten (10) days of the date of this Order.

BY THE COURT:

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMEO COSCIA : | |
| : | |
| v. : | CIVIL ACTION NO. 02-3655 |
| : | |
| SALVATORE CAPONE : | |

MOTION OF DEFENDANT SALVATORE CAPONE TO DISMISS,
OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Motion to Dismiss

Defendant, Salvatore Capone, by his attorneys, Vangrossi and Recchuiti, moves the Court to dismiss Plaintiff's Amended Complaint pursuant to F. R. C. P. 12(b)(6), and in support avers:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Amended Complaint seeks recovery of money allegedly loaned during February 1999, but fails to state the terms of the loan, when the obligation of repayment arises, and whether demand for repayment has been made if such demand may now be made within the terms of the loan agreement.

3. Plaintiff's Amended Complaint fails to aver compliance with conditions precedent to recovery.

WHEREFORE, Defendant prays that Plaintiff's Amended

Complaint be dismissed.

<u>Alternative Motion for More Definite Statement</u>

Defendant, Salvatore Capone, pursuant to F. R. C. P. 12(e), moves the Court, in the alternative, to direct the filing of a more definite statement, and in support avers:

4. The allegations of ¶¶1 through 3, above, are incorporated by reference as if fully set forth herein.

5. Unless plaintiff files a Complaint containing a more definite statement setting forth the nature of the loan, its terms, when the obligation of repayment arises, whether demand for payment may now be made, whether demand has been made, and whether plaintiff has complied with conditions precedent to recovery, Defendant will be unable to file an Answer.

WHEREFORE, Defendant prays, in the alternative, that this Court direct the filing of a more definite statement.

VANGROSSI AND RECCHUITI

By:_____
Francis Recchuiti, Esquire
Attorney I. D. No. 09284
319 Swede Street
Norristown PA  19401-4801
(610) 279-4200

Attorney for Salvatore Capone

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROMEO COSCIA                  :
                              :
         v.                   :   CIVIL ACTION NO. 02-3655
                              :
SALVATORE CAPONE              :

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANT SALVATORE CAPONE TO DISMISS,
OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

This action was commenced on June 6, 2002. The Summons and Complaint were served on Defendant, Salvatore Capone, in New Jersey, on June 11, 2002. On June 13, 2002, Plaintiff filed an Amended Complaint, allowed as of course by F. R. C. P. 15(a). That Amended Complaint, which seeks payment of an alleged $140,000. loan, is insufficient because it fails to aver any of the terms of the loan, whether under those terms payment is now due, or whether there has been a demand for payment.

A loan is a contract. Under Pennsylvania law a party seeking to recover for breach of contract must allege (1) the existence of a valid and binding contract to which plaintiff and defendant were parties, (2) the contract's essential terms, (3) that plaintiff complied with the contract's terms, (4) that the defendant breached a duty imposed by the contract, and (5) damages resulting from the breach. Gundlach v. Reinstein, 924 F.

Supp. 684, 688 (E.D. Pa. 1996) <u>aff'd. without opinion</u>, 114 F.3d 1172 (3d Cir. 1997).  Plaintiff's Complaint is also deficient for failure to comply with the requirements of F. R. C. P. 9(c) to aver the performance or occurrence of conditions precedent.

     Alternatively, if this Court does not dismiss the Complaint, the vagueness of the pleading requires the filing of a more definite statement.  <u>Syan Holding Corp. v. Fidelity-Philadelphia Trust Co</u>., 20 F.R.D. 154 (E.D. Pa. 1957).

                                      Respectfully submitted,

                                      VANGROSSI AND RECCHUITI

                                      By:_____
                                      Francis Recchuiti, Esquire
                                      Attorney I. D. No. 09284
                                      319 Swede Street
                                      Norristown PA  19401-4801
                                      (610) 279-4200

                                      Attorney for Salvatore Capone

CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the Motion of Defendant Salvatore Capone to Dismiss, or in the Alternative for a More Definite Statement and Memorandum of Law in support thereof, upon Joseph M. Armstrong, Esquire, attorney for the plaintiff, Romeo Coscia, by first class mail, postage prepaid, as follows:

>Joseph M. Armstrong, Esquire (215) 751-9666
>Eizen Fineburg & McCarthy, P.C.
>Two Commerce Square
>2001 Market Street, Suite 3410
>Philadelphia PA  19103
>(Attorney for Plaintiff, Romeo Coscia)

_____
Francis Recchuiti, Esquire

Date:  June 28, 2002