IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROMEO COSCIA                    :
                                :
        v.                      :    CIVIL ACTION NO. 02-3655
                                :
SALVATORE CAPONE                :

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES

First Defense - Answer

Defendant, Salvatore Capone, answers plaintiff's Complaint as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

Second Defense

7. Plaintiff and defendant are each 50% shareholders of two corporations, CCC Trivest, Inc. and California Health Spas, Inc., for both of which a liquidating receiver has been appointed by the Court of Common Pleas of Chester County, Pennsylvania, at No. 01-06217. A true and correct copy of that

Court's Order of September 28, 2001, appointing a receiver, is attached hereto as Exhibit "A", and is incorporated by reference as if fully set forth herein.

8.  Notwithstanding that it was Romeo Coscia who sought the appointment of this receiver, he refused to provide the accounting required by the Order and the receiver, instead asserted his privilege against self-incrimination.

9.  Mr. Coscia's self-incrimination claim was overruled by Order of the Court of Common Pleas of Chester County on February 5, 2002.  A true and correct copy of that Order is attached hereto as Exhibit "B", and is incorporated by reference as if fully set forth herein.

10.  A true and correct copy of that Court's Memorandum Opinion in support of this Order is attached hereto as Exhibit "C", and is incorporated by reference as if fully set forth herein.

11.  Romeo Coscia, having refused to provide this required information in the Chester County action, has left defendant Salvatore Capone without the ability to determine whether the alleged loan involved in this action is actually a loan to or for the benefit of one or both of those corporations or otherwise arises from the parties' business relationships involving those corporations.  If so, the present proceedings are

barred because of the previously filed Chester County proceedings, and the monies at issue are within the jurisdiction and power of the receiver appointed by the Court of Common Pleas of Chester County.

### Third Defense

12. The allegations of ¶¶7 through 11, above, are incorporated by reference as if fully set forth herein.

13. Plaintiff in this action misappropriated funds collected by customers of the two corporations subject to the Chester County receivership.

14. Any proceeds of this action are subject to the receiver's right of recovery against Romeo Coscia.

15. It is impossible at this time to determine the receiver's right of recovery against Romeo Coscia because Mr. Coscia has failed and refused to provide the accounting required, and has invoked the privilege against self-incrimination.

### Fourth Defense

16. In the event it is determined that the funds alleged by plaintiff to have been loaned to defendant were actually loaned to a third party, plaintiff in this action is seeking to recover on a promise to answer for the debt of another.

17. Any such promise was not in writing, so any recovery is barred by the applicable statute of frauds, 33 P.S. §3.

### Fifth Defense

18. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Sixth Defense

19. Plaintiff's Complaint is barred by laches.

### Seventh Defense

20. Plaintiff's Complaint is barred by the statute of limitations.

WHEREFORE, defendant prays that plaintiff's Complaint be dismissed, and, in the alternative, that all sums due and owing to plaintiff in this action be paid over to the Chester County receiver as a credit against monies owed by plaintiff to the corporations.

VANGROSSI AND RECCHUITI

By:_____
Francis Recchuiti, Esquire
Attorney I. D. No. 09284
319 Swede Street
Norristown PA  19401-4801
(610) 279-4200
Attorney for Salvatore Capone

CERTIFICATE OF SERVICE

      I hereby certify that I am this day serving a copy of Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses upon Joseph M. Armstrong, Esquire, attorney for the plaintiff, Romeo Coscia, by first class mail, postage prepaid, as follows:

      Joseph M. Armstrong, Esquire (215) 751-9666
      Eizen Fineburg & McCarthy, P.C.
      Two Commerce Square
      2001 Market Street, Suite 3410
      Philadelphia PA  19103
      (Attorney for Plaintiff, Romeo Coscia)

_____
Francis Recchuiti, Esquire

Date:  July 31, 2002