```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROMEO COSCIA                    :
                                :
         v.                     :   CIVIL ACTION NO. 02-3655
                                :
SALVATORE CAPONE                :


                              ORDER

     AND NOW, this      day of              , 2002, IT IS

ORDERED that Plaintiff's Motion for Continuance of Arbitration is

DENIED.



                              BY THE COURT:


                              _____
                                                      U.S.D.J.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROMEO COSCIA                    :
                                :
        v.                      :   CIVIL ACTION NO. 02-3655
                                :
SALVATORE CAPONE                :

DEFENDANT'S ANSWER TO
PLAINTIFF'S MOTION TO CONTINUE ARBITRATION HEARING

Defendant, Salvatore Capone, by his attorneys, Vangrossi and Recchuiti, answers Plaintiff's Motion to Continue Arbitration Hearing, as follows:

1. Admitted, and it is further averred that an Amended Complaint was filed on June 13, 2002.

2. Admitted, and Mr. Coscia's Amended Disclosures, which includes his initial Disclosure, are attached hereto as Exhibit "A". Although plaintiff claims that <u>he</u> made a loan to defendant in the amount of $140,000., his disclosures assert that the loan is undocumented, and fail to name <u>him</u> as a person likely to have discoverable information.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part and denied in part. Defendant has

no Italian bank documents, and has no knowledge if, or why, plaintiff believes that any such documents exist.  Although plaintiff may have had financial transactions with defendant's brother, an Italian national, those transactions have nothing to do with the present case, unless plaintiff is averring that defendant guaranteed some loan that may have been made by plaintiff to defendant's brother.  It is further averred that this request for discovery in Italy is a bad faith attempt to seek discovery of matters relating to the businesses of California Health Spa, Inc., and CCC Trivest Enterprises, Inc., two Pennsylvania corporations which are the subject of receivership proceedings in the Court of Common Pleas of Chester County, and with regard to which the parties have been barred by Order of that Court from seeking to inspect the records of those corporations until authorized to do so by the receiver (See ¶6 of the Order attached as Exhibit "B").  Alternatively, plaintiff is attempting to run up the costs of litigation.

   7. Denied.  The allegations of ¶7 are denied, and it is averred that plaintiff's counsel has not acted in good faith.  On the contrary, plaintiff is attempting to obtain discovery in violation of the Order attached as Exhibit "B".  The undersigned, in an effort to expedite this matter, and without waiving objection should these overly broad discovery requests come before the

Court, agreed that Mr. Capone would execute an authorization for <u>a specific bank or a specific account</u>.  Nevertheless, on October 18, 2002, plaintiff's counsel forwarded an Authorization that would allow the disclosure of <u>any bank records</u> of plaintiff, <u>anywhere in the world</u>.  A true and correct copy of the letter of transmittal and Authorization is attached hereto as Exhibit "C".  By letter dated October 21, 2001, the undersigned objected to that Authorization and repeated his agreement.  A true and correct copy of that letter is attached hereto as Exhibit "D".  Plaintiff's counsel responded with a form of Authorization addressed to <u>two</u> named banks, a copy of which is attached hereto as Exhibit "E".

  8.  Denied.  After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of ¶8.

  9.  Denied.  After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of ¶9.

  10.  Denied.  After reasonable investigation defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of ¶10.

  11.  Denied.  The allegations of ¶11 are denied as conclusions of law, and it is further averred that pursuing

discovery of the foreign bank accounts of defendant and his relatives is burdensome, oppressive, and not consistent with the purposes of the federal court annexed arbitration program. Defendant's Memorandum of Law, attached hereto, is incorporated by reference as if fully set forth herein.

      12.   Admitted, and it is further averred that the arbitration should be inexpensive and confined to the issues in the case, with any peripheral discovery to be taken as authorized by the Court, upon motion, if the arbitration does not resolve this case.

      13.   Denied.

WHEREFORE, defendant prays that this Court deny the Motion for Continuance of Arbitration hearing, and allow the arbitration in this matter to proceed on November 14, 2002, as rescheduled by the Order of October 10, 2002.

                                    VANGROSSI AND RECCHUITI

                                    By:_____
                                    Francis Recchuiti, Esquire
                                    Attorney I. D. No. 09284
                                    319 Swede Street
                                    Norristown PA  19401-4801
                                    (610) 279-4200
                                    Attorney for Salvatore Capone

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ROMEO COSCIA                   :
                               :
         v.                    :   CIVIL ACTION NO. 02-3655
                               :
SALVATORE CAPONE               :
```

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE ARBITRATION HEARING

This is an action to collect an alleged undocumented loan of money which plaintiff, Romeo Coscia, asserts was in the amount of $140,000.  He omitted himself from his list of persons likely to have discoverable information, effectively claiming he has no knowledge of a loan that he made.  He now seeks to continue an arbitration proceeding in what should be a simple case in order to pursue discovery of Italian bank records.

This discovery is not sought in good faith.  On the contrary, it appears to be an effort to seek information regarding two corporations in a Chester County receivership in which further discovery has been prohibited.  (Exhibit "B")

Congress authorized mandatory arbitration of certain federal civil actions based on an experimental program that took place in this District, among others.  28 U.S.C. §651 et seq.  In enacting that statute Congress noted:

> "Alternative dispute programs, including arbitration, are designed to achieve a number of specific goals. These include reducing judicial burdens and <u>streamlining the disposition process to produce quicker, less costly dispute resolutions</u>. There is also a consensus among advocates that these programs must maintain the quality of justice while addressing these goals; indeed, some believe that the goal of alternative dispute resolution should be to improve the quality of justice.
>
>     \* \* \*
>
> The record of experimentation with arbitration reflects the courts' caution in developing information for their own assessments. Modest initial programs were launched in 1978 in three districts, the Eastern District of Pennsylvania, the District of Connecticut and the Northern District of California, and remain in two, Pennsylvania and California. The District of Connecticut discontinued its operation in 1981 because it appears they preferred a pre-existing mediation program for handling the arbitration eligible cases. The evaluation of the three programs led to the conclusion that arbitration in federal courts held realistic promise for <u>conserving judicial time, expediting resolution of disputes, and reducing litigants' costs</u>." H.R. Rep. 100-889, 1988 U.S.C.C.A.N. 5982, 5991-5992 (August 26, 1988) [emphasis added]

Romeo Coscia is attempting to turn what should be a simple arbitration proceeding into an opportunity to take worldwide discovery. At best, this would produce only weak circumstantial evidence that, at a certain time, plaintiff made a deposit of money. This hardly comports with the purposes of the

arbitration program of expediting the resolution of disputes and reducing litigants' costs.

The arbitration should proceed as scheduled.  In the event it does not resolve the case, the Court, upon motion, can determine the necessity for, and objections to, wide-ranging worldwide discovery.

                        VANGROSSI AND RECCHUITI


                        By:_____
                        Francis Recchuiti, Esquire
                        Attorney I. D. No. 09284
                        319 Swede Street
                        Norristown PA  19401-4801
                        (610) 279-4200
                        Attorney for Salvatore Capone

CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing proposed Order, Defendant's Answer to Plaintiff's Motion to Continue Arbitration Hearing, and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Continue Arbitration Hearing, upon Joseph M. Armstrong, Esquire, attorney for the plaintiff, Romeo Coscia, by first class mail, postage prepaid, as follows:

> Joseph M. Armstrong, Esquire (215) 751-9666
> Eizen Fineburg & McCarthy, P.C.
> Two Commerce Square
> 2001 Market Street, Suite 3410
> Philadelphia PA  19103
> (Attorney for Plaintiff, Romeo Coscia)

_____
Francis Recchuiti, Esquire

Date: