IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMEO COSCIA** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **SALVATORE CAPONE** | : | NO. 02-3655 (JRP) |
| Defendant. | : | |
| | : | |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO CONTINUE ARBITRATION HEARING

Plaintiff, Romeo Coscia, through counsel, respectfully submits this Reply Memorandum in Support of Motion to Continue Arbitration Hearing.

In the Certification of Good Faith Effort attached to Mr. Coscia's Motion to Continue Arbitration Hearing, Mr. Coscia's counsel stated that, "[b]ased on statements by Mr. Capone's counsel, I believed that Mr. Capone would sign the authorization needed to obtain the Italian Bank documents" and that "[n]egotiations for obtaining this authorization appear to have broken down." Contrary to the characterization of negotiations set forth in Mr. Capone's opposition to the Motion to Continue Arbitration, the statement of counsel for Mr. Capone at the deposition of Mary Urquhart was as follows:

Statement on the Record at Deposition of Mary Urquhart

> MR RECCHUITI: About a month ago, Mr. Salla, you and I had a conversation. You asked me whether or not my client would sign an authorization to release his information from the bank. I asked you to prepare that authorization and get it to me.

> By this time, you have received a notice that this arbitration is scheduled for November 14[th]. At that time, you told me you needed about 30 days to get the information.

> I indicated to you that upon receipt of the authorization that you wanted signed, I'd have it signed and back to you so that you could get whatever you needed, since you were worried about Geneva Convention problems.
>
> For the record, it's now October the 16th. I haven't received that authorization that you were going to prepare for the bank, a specific bank account, or any bank, the bank which you indicated.
>
> Failure to get that to me, I'm not going to allow any testimony – I'll file a motion in limine to talk about any banks that may or may not be offered in the federal court case.
>
> MR. SALLA: Okay. That's counsel's statement. It doesn't mean I agree with you, but.
>
> MR. RECCHUITI: Well, you must have forgotten. I don't know what you agreed. But, you know, you indicated – we were prepared to sign. But I'll allow no testimony unless you've got certified records involving that. **But my client was prepared to sign any authorization you prepared.**
>
> See October 16, 2002 Deposition of Mary Urquhart at pp. 17-19, attached hereto.

(Emphasis added).

In his opposition to the Motion to Continue Arbitration, Mr. Capone also fails to mention the letter dated October 24, 2002 that accompanied the revised Authorization sent for his signature. See letter attached hereto. This letter states:

> We received your letter dated October 21, 2002 along with your voicemail of October 21st objecting to the authorization we sent to you. The draft Authorization sent to you was not intended to be a "blanket" authorization for any bank. We intend to present the authorization through Italian counsel to the following banks: Cassa Rurale Ed Artigiana and Banca Popolare Dell' Irpinia. We have revised the authorization to limit it to these banks. Here is this revised Authorization. If you have further objections to the Authorization, we request that you make revisions and forward it back to us for our review. We would like to promptly resolve any dispute over the Authorization.

Mr. Coscia has made a good faith effort to complete discovery and resolve disputed issues before seeking the intervention of this Court.

Mr. Capone suggests in his opposition to Mr. Coscia's Motion to Continue Arbitration that the reduced cost and increased speed of the Court-mandated arbitration program is of great importance. Public policy no doubt favors alternative dispute resolution through a mechanism

2

that is more efficient and less costly than traditional litigation. However, the policy considerations of speed and efficiency cannot be outweighed by the overriding need to come to a just decision after having presented all of the relevant evidence that would be helpful to the finder of fact in determining the issues presented. In this case, discovery of the Italian bank documents should occur *prior* to arbitration so that arbitration can be a meaningful opportunity to bring a final resolution to this matter. This is especially so in this case, where the Court has already indicated that a trial *de novo* will commence promptly after arbitration should a party file an appeal. This action was instituted slightly less than five months ago, and granting Mr. Coscia's request for additional time will not unreasonably delay the progression of this matter.

For the reasons and those set forth in Mr. Coscia's original Motion to Continue Arbitration, Mr. Coscia respectfully requests that this Court grant his Motion and enter the proposed Order submitted with the original Motion to Continue Arbitration.

Respectfully submitted,

**EIZEN FINEBURG & McCARTHY, P.C.**

Date: November 4, 2002

By: _____
GARY J. McCARTHY, ESQUIRE
JOHN N. SALLA, ESQUIRE
JOSEPH M. ARMSTRONG, ESQUIRE
*Attorneys for Plaintiff, Romeo Coscia*

Two Commerce Square
2001 Market Street, Suite 3410
Philadelphia, PA 19103
Tel: (215) 751-9666  Fax: (215) 751-9310

# ATTACHMENTS

MARY URQUHART

```
1       A.       Okay.
2       Q.       So if you could let us know and
3   think about it for a moment.
4       A.       I'll just do the same thing.
5       Q.       You'd like to do the same thing
6   that your husband is doing?
7       A.       Yes.
8                MR. SALLA:  All right.
9   That's fine.  Thanks for coming down in
10  the poor weather.
11               MR. RECCHUITI:  I'd like to
12  put a statement on the record.
13               MR. SALLA:  Sure.
14               MR. RECCHUITI:  About a
15  month ago, Mr. Salla, you and I had a
16  conversation.  You asked me whether or
17  not my client would sign an
18  authorization to release his information
19  from the bank.  I asked you to prepare
20  that authorization and get it to me.
21               By this time, you have
22  received a notice that this arbitration
23  is scheduled for November 14th.  At that
24  time, you told me you needed about 30
```

1   days to get the information.

2               I indicated to you that
3   upon receipt of the authorization that
4   you wanted signed, I'd have ~~it signed~~
5   and back to you so that you could get
6   whatever you needed, since you were
7   worried about Geneva Convention
8   problems.

9               For the record, it's now
10  October the 16th. I haven't received
11  that authorization that you were going
12  to prepare for the bank, a specific bank
13  account, or any bank, thee bank which
14  you indicated.

15              Failure to get that to me,
16  I'm not going to allow any
17  testimony -- I'll file a motion in
18  liminae to talk about any banks that may
19  or may not be offered in the federal
20  court case.

21              MR. SALLA: Okay. That's
22  counsel's statement. It doesn't mean I
23  agree with you, but.

24              MR. RECCHUITI: Well, you

1   must have forgotten. I don't know what
2   you agreed. But, you know, you
3   indicated -- we were prepared to sign.
4   But I'll allow no testimony unless
5   you've got certified records involving
6   that. But my client was prepared to
7   sign any authorization you prepared.
8                     - - -
9             (Whereupon, the witness was
10  excused.)
11                    - - -
12            (Whereupon, the deposition
13  concluded at 11:50 a.m.)
14                    - - -

LAW OFFICES
# EIZEN FINEBURG & McCARTHY, P.C.

Tel (215) 751-9666  
Fax (215) 751-9310

TWO COMMERCE SQUARE  
34TH FLOOR  
2001 MARKET STREET  
PHILADELPHIA, PENNSYLVANIA 19103

Two Linwood Professional Plaza  
2021 New Road  
Linwood, New Jersey 08221  
Tel (609) 601-6030  
Fax (609) 601-6050

JOHN N. SALLA  
SPECIAL COUNSEL

October 24, 2002

2647.00-002

**VIA REGULAR MAIL & FACSIMILE**

Francis Recchuiti, Esquire  
Vangrossi & Recchuiti  
319 Swede Street, Second Floor  
Norristown, PA 19401

Re: Coscia v. Capone

Dear Fran:

We received your letter dated October 21, 2002 along with your voicemail of October 21st objecting to the authorization we sent to you. The draft Authorization sent to you was not intended to be a "blanket" authorization for any bank. We intend to present the authorization through Italian counsel to the following banks: Cassa Rurale Ed Artigiana and Banca Popolare Dell' Irpinia. We have revised the authorization to limit it to these banks. Here is this revised Authorization. If you have further objections to the Authorization, we request that you make revisions and forward it back to us for our review. We would like to promptly resolve any dispute over the Authorization.

Today we are forwarding to you a motion that we are filing with the Court requesting that the arbitration be continued for another 180 days to allow sufficient time to attempt to obtain the bank records. Even with an authorization, we doubt that we could obtain these records much sooner. If we do not have the authorization and your client intends to oppose Mr. Coscia attempt to obtain these records, then additional time may be needed.

Please let us know whether you intend to oppose this motion. If not, we would like to notify the Court that it is an unopposed motion and ask the Court rule on it prior to the 14-day waiting period given to a respondent under the Rules. As you know, the arbitration is scheduled for November 14, 2002 and we expect that your firm and your client (as does ours) would like to know whether we need to prepare for arbitration for that day.

Very truly yours,

John N. Salla

JNS/jr
Enclosure

cc:  Gary J. McCarthy, Esquire
     Joseph M. Armstrong, Esquire

J:\MCCARTHY\CCCTrivestEnterprises, Inc\Coscia v. Capone\Recchuiti Ltr. 2002-10-24 (JNS).doc

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMEO COSCIA** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **SALVATORE CAPONE** | : | NO. 02-3655 (JRP) |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Joseph M. Armstrong, Esquire, hereby certify that on the date set forth below, I served on all interest counsel via First Class Mail a true and correct copy of the foregoing Reply Memorandum in Support of Motion to Continue Arbitration.

Date: November 4, 2002

_____
JOSEPH M. ARMSTRONG, ESQUIRE