IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMEO COSCIA** Plaintiff, v. **SALVATORE CAPONE** Defendant. | : : : : : : : : | CIVIL ACTION NO. 02-3655 (JRP) |

## ORDER

AND NOW, this _____ day of _____ 2003, upon consideration of Plaintiff's Motion for Issuance of Letters Rogatory and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. The attached Letters Rogatory to the Banca di Credito Cooperativa Irpino in Avellino and, Banca Popolare dell'Irpinia in Avellino is hereby issued.

BY THE COURT:

_____
JOHN R. PADOVA, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMEO COSCIA** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **SALVATORE CAPONE** | : | NO. 02-3655 (JRP) |
| Defendant. | : | |

## MOTION FOR ISSUANCE OF LETTERS ROGATORY

For the reasons set forth in the attached Memorandum, which is incorporated by reference, Plaintiff respectfully moves this Honorable Court to issue Letters Rogatory.

Respectfully submitted,

EIZEN FINEBURG & McCARTHY, P.C.

Date: June 13, 2003

By: _____
GARY J. McCARTHY, ESQUIRE
JOHN N. SALLA, ESQUIRE
JOSEPH M. ARMSTRONG, ESQUIRE
*Attorneys for Plaintiff, Romeo Coscia*

Two Commerce Square
2001 Market Street, Suite 3410
Philadelphia, PA 19103
Tel: (215) 751-9666  Fax: (215) 751-9310

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMEO COSCIA** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **SALVATORE CAPONE** | : | NO. 02-3655 (JRP) |
| Defendant. | : | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR ISSUANCE OF LETTERS ROGATORY

**Factual Background**

During February 1999, Romeo Coscia loaned $140,000 to Salvatore Capone. Mr. Capone has not repaid the loan. On June 7, 2002, Mr. Coscia filed this lawsuit seeking repayment of the loan. Mr. Capone has denied that Mr. Coscia lent Mr. Capone the $140,000.

During February 1999, the $140,000 was deposited into Salvatore Capone's Italian bank account. Salvatore Capone then withdrew the funds and used them to pay off a loan by an Italian bank to Guiseppe Capone. See Arbitration Transcript ("AT") (Exhibit B) page 117.

On August 12, 2002, Mr. Coscia served his First Request for Production of Documents ("First Request"). In his First Request, Mr. Coscia sought, among other things, "each document that relates to Defendant's depositing cash into bank accounts in Italy during the period January 1, 1999 to March 31, 1999" and "each document that relates to relatives of Defendant depositing cash into bank accounts in Italy during the period January 1, 1999 to March 31, 1999." Mr. Capone denied the existence of any Italian bank documents, which Mr. Coscia still believes to exist.

An arbitration was held on November 14, 2002. At Arbitration, Mr. Capone admitted to being in the Italian Bank with Mr. Coscia (with $100,000 in cash).

**Request for Letters Rogatory**

Mr. Coscia seeks to obtain bank records from banks in Italy. The bank records will be used at trial to corroborate Mr. Coscia's testimony and to prove the loan made by Romeo Coscia to Salvatore Capone. See Exhibit B. Mr. Coscia, through his attorneys, has unsuccessfully attempted to gain authorization to obtain these bank records from Salvatore Capone.

Mr. Coscia seeks Letters Rogatory for account and other information for Salvatore Capone and Guiseppe Capone for the month of February 1999 from the following banks: Banca Popolare dell'Irpinia – Avellino Branch and Banca di Credito Cooperativa Irpino in Avellino.

At the Pre-Trial Conference this Court indicated its intent to issue the requested Letters Rogatory.

**Supporting Legal Authority**

This Court has the authority pursuant to 28 U.S.C. § 1781 to issue Letters Rogatory to request documents kept in other countries. Pursuant to 28 U.S.C § 1781, a Court may issue a letter of request for a party to obtain evidence in another country. Section 1781 states:

> **(a)** The Department of State has power, directly, or through suitable channels--
> **(1)** to receive a letter rogatory issued, or request made, by a foreign or international tribunal, to transmit it to the tribunal, officer, or agency in the United States to whom it is addressed, and to receive and return it after execution; and
> **(2)** to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.
>
> **(b)** This section does not preclude--
> **(1)** the transmittal of a letter rogatory or request directly from a foreign or international tribunal to the tribunal, officer, or agency in the United States to whom it is addressed and its return in the same manner; or

> (2) the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner.

This statute is pursuant to Chapter 1, Article 1 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, which provides in relevant part:

> In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.

Under 28 U.S.C. § 1781 and Chapter 1, Article 1 of the Hague Convention, this Court has the discretion to issue Letters Rogatory to Italian Court requesting the above mentioned banks to turn over records for Mr. Coscia to pursue his claim against Mr. Capone.

Letters Rogatory guarantee fairness to all parties involved in disputes where discoverable evidence is not confined within the United States. By issuing Letters Rogatory, this Court would not only be ensuring that fairness, but also would be promoting justice by allowing a trial on the full merits of the case.

**Conclusion**

For the foregoing reasons, Mr. Coscia respectfully requests that this Court grant Mr. Coscia's motion for letters rogatory and issue the attached Letters Rogatory to the following banks:

> Banca di Credito Cooperativa Irpino
> Viaroma 14/16 83038
> Montemiletto (AV), Italy

and

Banca Popolare dell'Irpinia SPR
Loc. Locollina Liguorini
Avellino, Italy

                              Respectfully submitted,

                              **EIZEN FINEBURG & McCARTHY, P.C.**

Date:  June 13, 2003            By: _____
                                        GARY J. McCARTHY, ESQUIRE
                                        JOHN N. SALLA, ESQUIRE
                                        JOSEPH M. ARMSTRONG, ESQUIRE
                                        *Attorneys for Plaintiff, Romeo Coseta*

                                        Two Commerce Square
                                        2001 Market Street, Suite 3410
                                        Philadelphia, PA 19103
                                        Tel: (215) 751-9666  Fax: (215) 751-9310

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROMEO COSCIA** : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION |
| : | |
| **SALVATORE CAPONE** : | NO. 02-3655 (JRP) |
| Defendant. : | |

### CERTIFICATE OF SERVICE

I, Joseph M. Armstrong, Esquire, hereby certify that on the date set forth below, I served on all interest counsel via First Class Mail a true and correct copy of the foregoing Motion for Issuance of Letters Rogatory.

Date: June 13, 2003

_____
JOSEPH M. ARMSTRONG, ESQUIRE