IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROMEO COSCIA<br>1464 Hark-Away Road<br>Chester Springs, PA 19425<br><br>                    Plaintiff,<br>         v.<br><br>SALVATORE CAPONE<br>38 Laura Lane<br>Pittsgrove, NJ 08318<br>                    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 02-3655 |

FILED JUN 13 2002

## AMENDED COMPLAINT PURSUANT FED.R.CIV.P. 15(a)

**Parties**

1.  Plaintiff is Romeo Coscia, an adult individual residing at 1464 Hark-Away Road, Chester Springs, Pennsylvania 19425.

2.  Defendant is Salvatore Capone, an adult individual residing at 38 Laura Lane, Pittsgrove, New Jersey 08318.

**Jurisdiction and Venue**

3.  Jurisdiction is based on 28 U.S.C.A. § 1332 in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.  A substantial part of the events or omissions giving rise to the claim occurred in the United States District Court for the Eastern District of Pennsylvania.

**Claim For Money Lent**

5. Defendant owes Plaintiff $140,000.00 for money lent during February 1999.

6. One hundred twenty thousand dollars of the $140,000 lent was delivered to Defendant in Chester Springs, Pennsylvania.

Wherefore, Plaintiff Romeo Coscia respectfully requests that this Court enter judgment against Defendant Salvatore Capone in the amount of $140,000 plus interest at the rate of 6% plus costs and such further relief as this Court deems proper.

Respectfully submitted,

EIZEN FINEBURG & McCARTHY, P.C.

Date: June 12, 2002

By: _____
GARY J. McCARTHY, ESQUIRE
JOHN N. SALLA, ESQUIRE
JOSEPH M. ARMSTRONG, ESQUIRE
*Attorneys for Plaintiff, Romeo Coscia*

Two Commerce Square
2001 Market Street, Suite 3410
Philadelphia, PA 19103
Tel: (215) 751-9666  Fax: (215) 751-9310

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMEO COSCIA<br>1464 Hark-Away Road<br>Chester Springs, PA 19425<br><br>      Plaintiff,<br>   v.<br><br>SALVATORE CAPONE<br>38 Laura Lane<br>Pittsgrove, NJ 08318<br>      Defendant. | CIVIL ACTION<br><br>NO. 02-3655 |

### CERTIFICATE OF SERVICE

I, Joseph M. Armstrong, Esquire, hereby certify that on the date set forth below, I served on Salvatore Capone via First Class Mail a true and correct copy of the foregoing Amended Complaint Pursuant to Fed.R.Civ.P. 15(a).

Date: June 12, 2002

                     _____
                     JOSEPH M. ARMSTRONG, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROMEO COSCIA                    :
                                :
        v.                      :   CIVIL ACTION NO. 02-3655
                                :
SALVATORE CAPONE                :

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES

First Defense - Answer

Defendant, Salvatore Capone, answers plaintiff's Complaint as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

Second Defense

7. Plaintiff and defendant are each 50% shareholders of two corporations, CCC Trivest, Inc. and California Health Spas, Inc., for both of which a liquidating receiver has been appointed by the Court of Common Pleas of Chester County, Pennsylvania, at No. 01-06217. A true and correct copy of that

Court's Order of September 28, 2001, appointing a receiver, is attached hereto as Exhibit "A", and is incorporated by reference as if fully set forth herein.

8. Notwithstanding that it was Romeo Coscia who sought the appointment of this receiver, he refused to provide the accounting required by the Order and the receiver, instead asserted his privilege against self-incrimination.

9. Mr. Coscia's self-incrimination claim was overruled by Order of the Court of Common Pleas of Chester County on February 5, 2002. A true and correct copy of that Order is attached hereto as Exhibit "B", and is incorporated by reference as if fully set forth herein.

10. A true and correct copy of that Court's Memorandum Opinion in support of this Order is attached hereto as Exhibit "C", and is incorporated by reference as if fully set forth herein.

11. Romeo Coscia, having refused to provide this required information in the Chester County action, has left defendant Salvatore Capone without the ability to determine whether the alleged loan involved in this action is actually a loan to or for the benefit of one or both of those corporations or otherwise arises from the parties' business relationships involving those corporations. If so, the present proceedings are

barred because of the previously filed Chester County proceedings, and the monies at issue are within the jurisdiction and power of the receiver appointed by the Court of Common Pleas of Chester County.

### Third Defense

12.  The allegations of ¶¶7 through 11, above, are incorporated by reference as if fully set forth herein.

13.  Plaintiff in this action misappropriated funds collected by customers of the two corporations subject to the Chester County receivership.

14.  Any proceeds of this action are subject to the receiver's right of recovery against Romeo Coscia.

15.  It is impossible at this time to determine the receiver's right of recovery against Romeo Coscia because Mr. Coscia has failed and refused to provide the accounting required, and has invoked the privilege against self-incrimination.

### Fourth Defense

16.  In the event it is determined that the funds alleged by plaintiff to have been loaned to defendant were actually loaned to a third party, plaintiff in this action is seeking to recover on a promise to answer for the debt of another.

3

17. Any such promise was not in writing, so any recovery is barred by the applicable statute of frauds, 33 P.S. §3.

### Fifth Defense

18. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Sixth Defense

19. Plaintiff's Complaint is barred by laches.

### Seventh Defense

20. Plaintiff's Complaint is barred by the statute of limitations.

WHEREFORE, defendant prays that plaintiff's Complaint be dismissed, and, in the alternative, that all sums due and owing to plaintiff in this action be paid over to the Chester County receiver as a credit against monies owed by plaintiff to the corporations.

VANGROSSI AND RECCHUITI

By: _____
Francis Recchuiti, Esquire
Attorney I. D. No. 09284
319 Swede Street
Norristown PA  19401-4801
(610) 279-4200
Attorney for Salvatore Capone