## NELLA CORTE DISTRETTUALE DEGLI STATI UNITI
## PER IL DISTRETTO EST DELLA PENNSYLVANIA

| | | |
|---|---|---|
| **ROMEO COSCIA**<br>1464 Hark-Away Road<br>Chester Springs, PA 19425 | : | |
| | : | |
| attore, | : | |
| contro | : | AZIONE CIVILE |
| | : | |
| **SALVATORE CAPONE**<br>38 Laura Lane<br>Pittsgrove, NJ 08318 | : | NO. 02-3655 |
| convenuto. | : | |

## CITAZIONE MODIFICATA AI SENSI DEL FED.R.CIV.P. 15(a)

### Parti

1.  L'attore è Romeo Coscia, una persona fisica residente al 1464 di Hark-Away Road, Chester Springs, Pennsylvania 19425.

2.  Il convenuto è Salvatore Capone, una persona fisica residente al 38 Laura Lane, Pittsgrove, New Jersey 08318.

### Giurisdizione e competenza territoriale

3.  La giurisdizione di codesta Corte è basata sull'art. 28 U.S.C.A. § 1332 in quanto l'attore e il convenuto sono cittadini di Stati differenti e la somma oggetto della controversia supera la somma di $75.000, esclusi gli interessi di mora e le spese.

4.  Una parte sostanziale degli avvenimenti o delle omissioni, oggetto della presente disputa, sono avvenuti nella zona di competenza del Distretto est della Pennsylvania della Corte distrettuale degli Stati Uniti.

**Rivendicazione per il rimborso di un prestito in danaro**

5.     Il convenuto è debitore nei confronti dell'attore di $140.000 prestatigli nel febbraio del 1999.

6.     Centoventimila dollari su un totale di $140.000 sono stati consegnati al convenuto a Chester Springs, Pennsylvania.

Per queste ragioni, l'attore Romeo Coscia rispettosamente richiede a codesta Corte di emettere un giudizio avverso al convenuto Salvatore Capone, per una somma di $140.000 oltre gli interessi di mora al tasso del 6% più le spese ed ogni altro ulteriore rimedio che questa Corte riterrà appropriato.

Rispettosamente presentato da

**EIZEN FINEBURG & McCARTHY, P.C.**

Data: 12 giugno 2002                   Per: _____

GARY J. McCARTHY, ESQUIRE
JOHN N. SALLA, ESQUIRE
JOSEPH M. ARMSTRONG, ESQUIRE
*Avvocati dell'attore, Romeo Coscia*

Two Commerce Square
2001 Market Street, Suite 3410
Philadelphia, PA 19103
Tel: (215) 751-9666  Fax: (215) 751-9310

## NELLA CORTE DISTRETTUALE DEGLI STATI UNITI
## PER IL DISTRETTO EST DELLA PENNSYLVANIA

**ROMEO COSCIA**
1464 Hark-Away Road
Chester Springs, PA  19425

                       attore,
           contro.

                                        AZIONE CIVILE

**SALVATORE CAPONE**
38 Laura Lane
Pittsgrove, NJ  08318
                                        NO. 02-3655

                  convenuto.

## RELATA DI NOTIFICA

Io, sottoscritto M. Armstrong, Esquire, con la presente dichiaro che alla data indicata qui di seguito, ho notificato a Salvatore Capone, mediante servizio postale prioritario, una copia conforme e corretta della suddetta citazione modificata ai sensi del Fed.R.Civ.P. 15(a).

Data: 12 giugno 2002

                                  JOSEPH M. ARMSTRONG, ESQUIRE

**PRESSO LA CORTE DISTRETTUALE DEGLI STATI UNITI**
**PER IL DISTRETTO ORIENTALE DELLA PENNSYLVANIA**


**ROMEO COSCIA**                           :
                                           :
                    contro                 :         CAUSA CIVILE
                                           :
**SALVATORE CAPONE**                       :         Nr. 02-3655
                                           :


COMPARSA DI RISPOSTA DEL CONVENUTO ALLA CITAZIONE
IN GIUDIZIO DI PARTE ATTRICE
E DIFESE AFFERMATIVE

Prima Difesa – Risposta

Il Convenuto, Salvatore Capone, replica alla citazione in giudizio di parte attrice come segue:
1. Contesta
2. Contesta
3. Contesta
4. Contesta
5. Contesta
6. Contesta

Seconda difesa

7.      L'attore e il convenuto sono azionisti al 50% di due società, la CCC Trivest, Inc., e la California Health Spas, Inc., per le quali la Court of Common Pleas [Tribunale delle cause civili] della Contea di Chester, Pennsylvania, ha nominato un liquidatore - nr. 01-06217. Si allega una copia conforme all'originale del Decreto della Corte, datato 28 settembre 2001, in cui si nomina il liquidatore, che si considera incorporato per rinvio come se qui trascritto per intero (vedi Documento Probatorio "A").

8.      Benché sia stato il Sig. Romeo Coscia a richiedere la nomina del suddetto liquidatore, lo stesso Coscia si è rifiutato di fornire la documentazione contabile richiesta nel Decreto e dal liquidatore stesso, rivendicando, al contrario, il proprio diritto contro l'autoincriminazione.

9.      La richiesta del Sig. Coscia di far valere il proprio diritto contro l'autoincriminazione è stata respinta con Decreto della Court of Common Pleas della Contea di Chester il 5 febbraio 2002. Si allega una copia conforme all'originale di tale Decreto che si considera incorporato per rinvio come se qui trascritto per intero (vedi Documento Probatorio "B").

10.      Si allega una copia conforme all'originale del Parere della stessa Corte, che si considera incorporato per rinvio come se qui trascritto per intero, a sostegno del suddetto Decreto (vedi Documento Probatorio "C").

11. Essendosi il Sig. Romeo Coscia rifiutato di fornire le informazioni richieste nell'azione legale della Contea di Chester, lo stesso ha privato la parte convenuta, Sig. Salvatore Capone, della possibilità di determinare se il presunto prestito oggetto di tale azione sia effettivamente un prestito concesso ovvero effettuato a vantaggio di una o di entrambe le summenzionate società, oppure se sia il frutto dei rapporti d'affari tra le parti riguardanti le società stesse. Se così fosse, il presente procedimento sarebbe inammissibile a causa del procedimento in precedenza avviato presso la Contea di Chester, e le somme in questione rientrerebbero nelle attribuzioni e nei poteri del liquidatore nominato dalla Court of Common Pleas della Contea di Chester.

### Terza Difesa

12. Le asserzioni di cui ai parr. 7-11 sopra indicati si considerano incorporate per rinvio come se qui trascritte per intero.

13. La parte attrice si è indebitamente appropriata di fondi raccolti dai clienti delle due società soggette alla competenza del liquidatore nominato dalla Contea di Chester.

14. Qualunque somma derivante dalla presente azione è soggetta al diritto di recupero del liquidatore contro il Sig. Romeo Coscia.

15. Allo stato è impossibile determinare il diritto di recupero del liquidatore nei confronti del Sig. Romeo Coscia in quanto quest'ultimo non ha fornito e si è rifiutato di fornire i documenti contabili necessari, ed ha invocato il proprio diritto contro l'autoincriminazione.

### Quarta Difesa

16. Qualora venisse stabilito che i fondi che la parte attrice sostiene sarebbero stati prestati alla parte convenuta siano in effetti stati prestati ad una terza parte, l'attore starebbe cercando la restituzione di tali fondi sulla base di una promessa di rispondere per il debito di un'altra parte.

17. Nessuna promessa di tale natura risulta per iscritto, pertanto la richiesta di restituzione è inammissibile ai sensi della vigente norma sulle frodi, 33 P.S. articolo 3.

### Quinta Difesa

18. La citazione in giudizio presentata da parte attrice non contiene una rivendicazione sulla base della quale sia possibile accordare una riparazione.

### Sesta Difesa

19. La citazione in giudizio presentata da parte attrice è inammissibile per negligenza nell'esercizio del diritto.

### Settima Difesa

20. La citazione in giudizio della parte attrice è inammissibile ai sensi delle norme sulla prescrizione.

PERTANTO, la parte convenuta chiede che la domanda attrice venga rigettata e, in caso contrario, che tutte le somme dovute alla parte attrice vengano pagate al liquidatore della Contea di Chester come credito per le somme dovute dallo stesso attore alle società.

VANGROSSI E RECCHUITI

Firma: _____
Avv. Francis Recchuiti (Esquire)
Docum. Avv. Nr. 09284
319 Swede Street
Norristown PA 19401-4801 – USA
+ 1 (610) 279-4200
Legale rappresentante del Sig.
Salvatore Capone

## ATTESTAZIONE DI NOTIFICA

Il sottoscritto attesta con la presente di aver inviato per notifica in data odierna, tramite servizio postale ordinario, porto affrancato, copia della Comparsa di Risposta del Convenuto alla Citazione in Giudizio di Parte Attrice e Difese Affermative all'Avv. Joseph M. Armstrong, avvocato dell'attore, Romeo Coscia, al seguente indirizzo:

Avv. Joseph M. Armstrong (Esquire) +1 (215) 751-9666
Eizen Fineburg & McCarthy, P.C.
Two Commerce Square
2001 Market Street, Suite 3410
Philadelphia, PA 19103 - USA
(Avvocato dell'attore, Romeo Coscia)

_____
Avv. Francis Recchuiti (Esquire)

Data: 31 luglio 2002